[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the Board of Chiropractic Examiners (the "Board") suspending his license and imposing other penalties pursuant to General Statutes 19a-17,20-29, and 20-45. This appeal is taken pursuant to General Statutes 4-183.
On November 15, 1990, the defendant Board notified the plaintiff of a hearing on charges that had been brought against him by the Department of Health Services. The hearing was called pursuant to General Statutes 20-29. The charges concerned treatment rendered to his patient, Donald Pereyra. The specific statement of charges read as follows: CT Page 10040
 3. The (plaintiff's) care and treatment of Donald Pereyra failed to conform to the standard of care for chiropractics in the State of Connecticut in one or more of the following ways:
 a. he advised and instructed the patient in the use of the substance "Neythymin"; and/or
 b. he dispensed the substance "Neythymin" to the patient; and/or
 c. he advised and instructed the patient in the use and/or injection of the substance "Neytumorin"; and/or
 d. he provided hypodermic needles to the patient for the injection of the substances "Neytumorin", and/or "Neythymin"; and/or
 e. he instructed the patient in the use of hypodermic needles for the injection of "Neythymin" and/or "Neytumorin".
 4. The above conduct is a violation of the following sections of the Connecticut General Statutes:
a. 20-28; and/or
b. 20-29; and/or
c. 20-45
Upon receipt of these charges, the plaintiff applied for a more definite and detailed statement pursuant to General Statutes 4-177 (b). The defendant Board responded to the application in part and objected in part.
The hearing was held on December 6, 1990, before a panel of board members consisting of three members who were chiropractors and one lay member. The plaintiff appeared and was represented by counsel. At the commencement of the hearing, the plaintiff renewed his application for a more definite statement of the charges, but the Board sustained the objections previously filed by the Department of Health Services. During the hearing on the charges, both sides presented witnesses, whose testimony was taken under oath and subjected to cross-examination, as well as various documentary evidence. The plaintiff testified in his own behalf. Following the hearing, the Board issued a written decision holding that the plaintiff had rendered negligent or incompetent care in treating his patient, particularly in prescribing and dispensing the substances "Neythymin" and "Neytumorin." Pursuant to General Statutes 19a-17, 20-29 and20-45, the Board suspended the plaintiff's chiropractic CT Page 10041 license for six months; imposed a civil penalty of $4000; and imposed a one year probationary period with certain conditions following the suspension.
Inasmuch as the action of the defendant Board adversely affects the plaintiff's license to practice his profession as well as his property, the court finds that he is aggrieved and has legal standing to bring this appeal. See Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168, 173
(1991).
The plaintiff's appeal challenges the Board's findings and conclusions as well as some aspects of the procedure. The court will take up each claim separately.
Prescription of Neythymin and Neytumorin
The plaintiff claims (1) that there was insufficient evidence to support the Board's finding that the plaintiff "prescribed" the substance Neythymin and (2) that the Board did not adequately explain its conclusion that furnishing the substance to the patient was an inappropriate form of chiropractic treatment or outside the scope of chiropractic practice. The basis of the plaintiff's argument concerning the prescription of Neythymin is that the word "prescription" has a limited technical meaning which is restricted to a physician's direction for the use of medicine. Since there was no evidence that Neythymin is a "medicine", the plaintiff argues, he could not have "prescribed" it. The plaintiff's exercise in semantics is without merit. The court has carefully examined the record, including the transcript of the plaintiff's own testimony. That contains ample evidence that the plaintiff approved the use of Neythymin and instructed and advised the patient how to inject the substance into his body. He also provided the patient with a schedule for taking the substance. In short, the plaintiff encouraged and assisted the patient in taking the substance. That is the essence of the Board's findings concerning the plaintiff's handling of Neythymin and also the other substance, Neytumorin. The Board's use of the words "prescribe" and "prescription" does not affect the plain meaning of its findings and conclusions and is of no significance.
The plaintiff's principal argument concerning the dispensing of these substances is that the Board failed to set forth the basis of its conclusion that such conduct was inappropriate or outside the scope of the practice of chiropractic. The court disagrees. A crucial, undisputed fact in this case is that the patient was suffering from cancer, which was diagnosed shortly after the plaintiff began treating CT Page 10042 him for neck and shoulder pains. The plaintiff was at all times aware of the cancer, having himself referred the patient to medical doctors for that diagnosis. The plaintiff began dispensing and assisting the patient to take the substances, Neythymin and Neytumorin, after the cancer was diagnosed. The plaintiff's own evidence, including in particular the affidavit of Bonnie R. Rabin, as well as the testimony of the patient's widow, clearly established that the purpose of administering the substances was to treat the patient's cancer rather than any condition legally treatable by the practice of chiropractic. General Statutes 20-24 and 20-28, which set forth the definition and limitations of the practice of chiropractic, plainly do not permit a chiropractor to treat cancer. The evidence in the record and the applicable law, therefore, provide ample support for the Board's conclusion that the plaintiff's administering or advising and instructing the patient to take Neythymin and Neytumorin was outside the scope of legally allowable chiropractic practice. All of the evidence, in particular the plaintiff's own testimony, I also established that these substances were not appropriate in chiropractic treatment.
Finally, the Board, being composed of a majority of licensed chiropractors, was entitled to rely on its own expertise in determining the scope of the practice of chiropractic and what constitutes appropriate practice in a particular case. Levinson v. Board of Chiropractic Examiners,211 Conn. 508, 525 (1989). As indicated, in this case there was substantial evidence presented to the Board which supported its determinations.
Injections — Hypodermic Needles
The Board found that the plaintiff instructed the patient on the use of a hypodermic needle to inject himself with Neythymin and Neytumorin. It also found that this conduct was outside the scope of chiropractic practice. As indicated above, there was considerable evidence, including his own testimony, that the plaintiff instructed the patient on the use of hypodermic needles. General Statutes 20-28 provides in part, that a chiropractic may "(t)reat the human body . . . by the oral administration of foods, food concentrates, food extracts or vitamins." The statute does not provide that a chiropractor may inject any substance into a patient, and the plaintiff concedes that doing so would exceed the scope of chiropractic practice. The Board's conclusion that the plaintiff's instructions to his patient on how to perform an injection is as much in excess of the permissible scope of practice as would be performing the injection himself is logical, and not unreasonable or arbitrary. The court will not, therefore, CT Page 10043 disturb it. Levinson v. Board of Chiropractic Examiners, supra; Griffin Hospital v. Commission on Hospitals and Healthcare, 200 Conn. 489, 495-496 (1986).
Request for More Definite Statement
The court has examined the original statement of charges, the plaintiff's application for a more definite statement, and the response of the Department of Health Services. General Statutes 54-177 (b) (Rev'd to 1989) provides as follows:
 (b) The notice shall include: (1) A statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and regulations involved; (4) a short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter upon application a more definite and detailed statement shall be furnished.
A notice is adequate under that statute if it states the charges "with sufficient particularity so that (the plaintiff) may be fairly apprised of the nature of the offense with which he is charged." Jaffe v. State Department of Health, 135 Conn. 339
(1949); Levinson v. Board of Chiropractic Examiners, supra. The original statement of charges, augmented by the Department of Health Service's response to the request for more definite statement, notified the plaintiff he was accused of violating General Statutes 20-28, 20-29, and/or 20-45, in that he performed "illegal, incompetent or negligent conduct in the practice of chiropractic." More specifically, it focused on the care and treatment he provided his patient, Donald Pereyra, from May 1987 to December 1987. As indicated above, the statement of charges specified the precise misconduct as involving the handling of the substances "Neythymin" and "Neytumorin" in the treatment of that patient. The court concludes that the statement of charges furnished the plaintiff by the Department of Health Services was adequate in that it fairly apprised him of the nature of the offenses with which he was charged.
Affidavit
The plaintiff contends that the failure of the Department of Health Services to verify its statement of charges with an affidavit, as provided in General Statutes CT Page 1004420-45, requires that the Board's decision be reversed. The court disagrees.
Section 20-45 provides, in relevant part, that "(p)roceedings relative to the revocation, suspension or annulment of a license or toward disciplinary action may be begun by the filing of written charges, verified by affidavit, by the commissioner of health services . . . ." No affidavit accompanied the statement of charges in this case. General Statutes 4-183 (g) (Rev'd to 1989) provides, in relevant part, that "(t)he court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision it substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of . . . statutory provisions; . . . (3) made upon unlawful procedure; (4) affected by other error of law . . . ." (Emphasis added).
Although the Department of Health Services did not comply with the provision in General Statutes 20-45 concerning the affidavit in this case, it verified and supported its charges against the plaintiff during the hearing by testimony of witnesses under oath and the introduction of other evidence. The Board found, and the court concurs, that there was substantial evidence to support all of the original charges except the accusation that the plaintiff himself injected the substances into the patient. A remand of the case to verify the charges would be unnecessary, therefore. The plaintiff was afforded a complete and adequate statement of the charges against him and was afforded all of his statutory and constitutional rights during the hearing when those charges were verified by the evidence. Under these circumstances, the court cannot conclude that "substantial rights of the (plaintiff) have been prejudiced" by the failure to comply with the affidavit requirement in section 20-45. The court may not reverse the agency decision on that account, therefore.
The plaintiff's appeal is dismissed.
Maloney, J.